MARTHA E. HODGES v. THE NEW HANOVER TRANSIT CO.

*Damages—Negligence—Injury to Passengers—Railroad.*

When it appeared in an action against a railroad company for damages
for injury sustained by the plaintiff, a passenger, from .a fall
between the defendant's cars and a platform along by the side of
them, that she was attempting to get a seat before the cars were
lighted, and sometime before it was the usual time to light them
and to give the signals of warning and preparation generally
given, the first fifteen, and the second five, minutes before start-
ing; and without invitation from defendant's agents the plaintiff
attempted to get her seat in the dark, and was hurt while step-
ping from the platform to the cars, it was not made to appear
that there was any defective construction: *Held*, (1) the plaintiff
was not entitled to recover; (2) her injury resulted wholly from
her own negligence.

This was a CIVIL ACTION, tried at the April Term, 1890,
of NEW HANOVER Superior Court, by *Graves, J.*
The facts are stated in the opinion.

*Mr. S. C. Weill,* for plaintiff.

*Mr. George Rountree,* for defendant.

MERRIMON, C. J.: We do not deem it necessary or useful to advert to the voluminous and numerous assignments of error in this case. We have examined the evidence with care, and in any just view of that produced on the trial by the plaintiff, or of that aided in any respect by that produced by the defendant, we think it clear that the injury sustained by the plaintiff, of which she complains in this action, was occasioned by casualty attributable solely to her own want of caution and her imprudence.

The railroad of the defendant company was used mainly to transport passengers from a point on the Cape Fear River, on one side of a belt of country about three miles broad, to a seaside summer resort on the other side. At the stopping-place on the seaside there was a hotel and places of amusement near to the place, an elevated platform, where passengers regularly got on and off the defendant's passenger trains. During the stated intervals when the train was not running, it stood alongside of, and not far from, the platform. The cars used were excursion cars—open—the seats extending across them, and there were steps alongside of these, and passengers would step from the platform on to such steps, and thence on the car to the seats.

On the 2d of August, 1889, a party of Sunday-school children and some of their friends, including the plaintiff, went to the seaside resort mentioned for purposes of recreation and amusement, and they were transported over the defendant's road. The party spent most of the day there and remained until late in the evening—after night, and it was dark—quite dark, and raining lightly. There was no station-house to receive passengers, nor were there seats on the platform, but passengers were allowed, as of right, to sit and

107—37

walk on the broad piazzas of the hotel, and to sit in the hotel office.　Lights were kept burning at two or three places on or about the ends of the platform mentioned, but the cars were not lighted, nor put in order for passengers to start on the return trip.

Before the time to start on the return trip, on the night mentioned—how long before does not clearly appear from the plaintiff's evidence, but it is fair to say from half to three-quarters of an hour (the evidence of the defendant made it longer than that)—the plaintiff and others went to the train to be sure to find seats and be ready to start when the time for starting should come.　At the time the plaintiff so went to the cars, lights were burning about the platform at the end and at the notice-board, giving light mainly from near the cars towards the platform, the hotel and thereabout; the cars were not then lighted, and, while they were alongside of the platform, they had not been put in readiness for starting—no signal whistle to start had been given.　This was to be given, first, fifteen minutes and then, the second, time, five minutes before starting.　The plaintiff and others so went on the cars before the time of starting of their own purpose; the agents of the defendant did not invite or suggest to them to go on the cars, nor forbid them to go, before the signal to prepare to start on the trip should be given; there was no reason why they should do so, except the motive to get ahead of the crowd of passengers and occupy seats in advance of their company.　While the plaintiff, under these circumstances, was stepping from the platform to the steps of the car, "she fell between the platform and the cars."　It was very dark at the time and place where she fell.　This shows the full strength of her evidence. It appears, however, from the uncontradicted evidence produced by the defendant, that the platform was two and one-half feet high, and the steps of the car were two and one-half inches from it—it was used only to help get on and off

the cars; the waiting-room was in the hotel, which was situate about twenty-five feet from the platform.

The burden was on the plaintiff to prove negligence of the defendant that gave rise to her injury. The evidence produced by her did not, taken as true, prove such negligence. The defendant was not, as contended, bound, at such place and under such circumstances, to fence in or enclose its platform and cars and trains, to keep people from going on them, nor to keep a servant by them to warn people not to go on or about them. Persons—passengers—ought not to have gone on them except at the regular time and in the regular way, for the purpose of going on the return trip; they went on them at other times in their own wrong and at their peril, in the absence of some default on the part of the defendant that was in and of itself dangerous. No default of that character appeared from the evidence. The accident seems to have been wholly attributable and to have been attributed, to the want of light at the place where the plaintiff went on the car and fell. It was incautious, imprudent and negligence, gross negligence, of the plaintiff to attempt to go on the cars when she did without having a light sufficient. She went, or attempted to go, on the cars without necessity—out of order, at the wrong time, and in the dark. The defendant was not bound to light the cars until within a reasonable time before the time fixed to start. At that place it was reasonable and sufficient to light them and give notice to prepare to start fifteen minutes before time of starting. That would have given the excursionists ample time to get on the cars in order

It does not appear from the plaintiff's evidence that there was a dangerous opening between the edge of the platform and the steps of the cars, nor does it appear that she fell through an opening to the ground—the evidence is meager in this respect, when she might have made it plain, and failed to do so. The evidence of the defendant, not contra-

dicted, shows that there was no dangerous opening, such as makes, or implies, negligence. While the plaintiff's foot or leg might possibly have gotten between the platform and the steps of the car, it could not ordinarily do so, nor without carelessness on the part of the person injured. So that, accepting the evidence of the plaintiff as true, she was not entitled to recover.

Judgment affirmed.